PEOPLE *ex rel.* HANSEN *v.* McCLAVE *et al.,* Police Commissioners.

(*Supreme Court, General Term, First Department.*  March 28, 1890.)

MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMAN—APPEAL.

   On the trial of a policeman charged with conduct unbecoming an officer, in arresting a saloon-keeper for a violation of the excise laws, and agreeing with him to make the charge that of exposure for sale instead of for an actual sale, for the consideration of $25, the saloon-keeper testified that defendant first arrested his bar-tender, and then arrested the witness at his own suggestion, and discharged the bar-tender; that witness was taken to the station and discharged; that he gave defendant $10, because it was a big favor he had done, taking witness instead of the bar-tender; and that no contract was made for the payment of the money.  The arrest was made at half past 1 in the morning, when it was apparent the law was being violated by having the saloon open.  The officer denied receiving the money.  *Held,* that the action of the commissioners in discharging defendant would be affirmed.

*Certiorari* by George Hansen against John McClave and others, as police commissioners of the city of New York, in dismissing the relator from the police force.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*John M. Tierney,* for relator.    *John J. Delaney,* for respondents.

DANIELS, J.  The relator was charged with conduct unbecoming an officer, consisting in the act of arresting August Gloistein, the proprietor of a liquor saloon, for a violation of the excise laws, and entering into an agreement with him to make the charge against him that of exposure for sale instead of for an actual sale, for the consideration of $25, and that he received for that the sum of $10, and afterwards called upon the person arrested and demanded the additional $15.  Upon the hearing before one of the commissioners, Gloistein was sworn and examined as a witness, and testified that the officer first arrested his bar-tender, and at his own suggestion discharged the bar-tender and arrested Gloistein himself; that he was taken to the Essex market, where he was discharged; and that he handed to the officer the sum

of $10, to take a drink, because it was a big favor he had done,—taking himself instead of the bar-tender. His statement was that no contract was made between himself and the officer for the payment of this money. The arrest was made at half past 1 o'clock in the morning, when it was apparent the law was being violated by having the saloon opened for the sale and disposition of intoxicating liquors. The officer denied having received this money from Gloistein; but upon this state of the evidence it was for the commissioners to determine whether the charge was or was not sustained. They had the witnesses before them, observing their appearance and demeanor, and probable truthfulness, and concluded that the charge had so far been made out as the evidence of Gloistein tended to sustain it. It was not necessary that it should be proved that the officer received the entire amount mentioned in the specification. It was sufficient to sustain the charge that he received this sum of $10, and the probabilities of what appears to have taken place were that Gloistein was an unwilling witness, intending to swear to no more than he could avoid in support of the charge, and it could therefore be very well assumed, as it undoubtedly was by the commissioners, that the money was in fact handed to the officer in performance of an agreement to pay it for the favor conferred by him upon this witness. This was an abuse of his authority, and, if it should be tolerated, it could not be otherwise than generally mischievous in its results; for an officer making an arrest might very well then understand that what should be given to him for favoring the person arrested, or concealing an actual violation of the law, would not involve him in the liability of dismissal from the force. It could not prove otherwise than demoralizing, inducing officers to violate their obligations, and to tolerate abuses and offenses which otherwise would and should be made the subject of punishment. The officer has no such authority. The law will not permit him, for favors or indulgences extending to persons arrested, to receive gratuities in this manner whose direct effect would be to induce the violation of its obligations and the disregard of their own duties. The case was sufficiently made out to sustain the conclusion reached by the commissioners. It was not essential that the entire $25 mentioned in the specification should have been paid to him, or that he himself should call upon Gloistein for that sum; but it was sufficient that he received this amount of money as he undoubtedly did for favoring Gloistein in the charge made against him when he was taken to the court. The order made by the commissioners should therefore be affirmed. All concur.